E-FILED
Friday, 25 September, 2026 03:15:31 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MANUEL OSTERKAMP, Plaintiff, | ) | |
| v. | ) | 26-1122 |
| LIVINGSTON COUNTY, *et al.* Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained at Livingston County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he suffers from several medical conditions that require him to be on oxygen at all times. Plaintiff alleges that an unidentified officer turned off the power to his housing unit, apparently in response to an argumentative detainee, for several hours while he was sleeping. Plaintiff alleges that the deprivation of sufficient oxygen during that time caused a

severe headache, dizziness, and other issues. He alleges that medical staff prescribed Tylenol, but otherwise failed to address his medical issues, which remain ongoing.

Plaintiff states a Fourteenth Amendment claim for failure to provide medical care against John Doe correctional officer and Jane Doe nurse in their individual capacities. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018).

Plaintiff does not allege that Defendant Draper was personally involved in any alleged constitutional deprivation, and Plaintiff cannot hold him liable just because he may have been in charge. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Plaintiff does not allege that the constitutional violation resulted from an official county policy as required to hold Livingston County liable. *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978). Section 1983 does not apply to the U.S. Marshals because they are federal, not state, officials. The Court finds that Plaintiff fails to state a claim against these defendants. The Court will dismiss Defendants Livingston County and U.S. Marshals accordingly.

Defendant Draper will remain a defendant solely for purposes of assisting Plaintiff in identifying the John Doe and Jane Doe defendants. *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555-56 (7th Cir. 1996) (Court may name high level administrators as defendants for purposes of identifying Doe defendants). Once identified and served, Defendant Draper may file an appropriate motion seeking dismissal.

**Plaintiff's Motion (Doc. 7)**

Plaintiff requests additional time to provide trust fund ledgers. The Court received Plaintiff's trust fund ledgers on May 4, 2026. Plaintiff's motion is denied as moot.

**IT IS THEREFORE ORDERED:**

**1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a Fourteenth Amendment claim for failure to provide medical care against John Doe correctional officer and Jane Doe nurse in their individual capacities. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

**4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

**5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.**

**6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance**

**and the court has entered a scheduling order, which will explain the discovery process in more detail.**

**7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.**

**8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

**9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**11. The clerk is directed to terminate Livingston County and U.S. Marshals as defendants.**

**12. The clerk is directed to add John Doe and Jane Doe as defendants.**

**13. The clerk is directed to attempt service on Defendant Draper pursuant to the standard procedures.**

**14. Plaintiff's Motion [7] is DENIED with leave to renew.**

Entered this 25th day of September, 2026.

*s/Sara Darrow*

SARA DARROW
UNITED STATES DISTRICT JUDGE